ROBERT REYNOLDS, plaintiff in error, vs. HENRY H. MYNARD and others, trustees, &c., defendants in error.—*Judgment affirmed.*   C. B. DUTCHER, for plaintiff in error; HENRY HOGEBOOM, for defendants in error.

This was an action commenced before a justice of the peace to recover for services of plaintiff's son as teacher of a district school; he having obtained a certificate of qualification, and kept some three months when he was discharged by two of the trustees, after a district meeting held, for alleged improper conduct.   He was hired by the trustees for four months, and was paid for the time which he actually kept.   And this suit was brought for damages in the breach of the contract.   The plaintiff recovered judgment before the justice, which was affirmed on certiorari in the Common Pleas.   It was reversed by the Supreme Court, and the latter judgment affirmed in this court.   There were several points taken on the argument.   One was, that the justice had no jurisdiction; and the plaintiffs should have been non-suited, because the evidence showed that the county superintendent of common schools had on an appeal to him by two of the trustees, given his decision in writing, that the teacher should be discharged, and paid only for the time he had actually kept the school.   (Cited Decision of Superintendent, 1841, page 180; 11 Wend. R. 90.)   That it was a case within the provisions of the act of April 20, 1830, (1 R. S. 481.)   That the deputy superintendent had the same power as the superintendent in such a case. (Session Laws, 1841, page 236.)   That teachers were presumed to make their contracts with full knowledge of the law.   (Decision of Superintendent, 1837, pages 101–2.)   The application for a non-suit on this ground, was overruled by the justice; and his decision seems to have been sustained throughout, as no allusion is made to it in the opinion of the Supreme Court.

The Supreme Court reversed the judgment of the Common Pleas on a single point, as appears from their opinion; that was, that two individuals who were inhabitants of the district, had went to school, and were liable to taxation to raise funds to discharge teacher's wages, but who had not actually paid their assessment, were offered as witnesses by the defendant, and rejected by the justice on the ground of *interest*.   It was held, that their interest did not *disqualify* them; it went to affect their *credit* only.   (Not reported.)